**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

PENNY DAVENPORT, individually )
and on behalf of others similarly situated, )
) Case No. _____
Plaintiff, )
) **JURY TRIAL DEMANDED**
vs. )
)
CHARTER COMMUNICATIONS, LLC, )
)
Defendant. )

## COMPLAINT

COMES NOW Plaintiff Penny Davenport, individually and on behalf of all others similarly situated, and for her Complaint against Defendant Charter Communications, LLC (hereinafter "Charter" or "Defendant), states and alleges as follows:

### Nature of Case

1.     Charter has employed customer service representatives ("CSRs") to staff customer service telephone lines at its call center located in Town and Country, Missouri. During relevant time periods preceding this action, Charter required these CSRs to boot up computers and log in to computer programs and applications to be ready to begin taking calls before the beginning of their paid shifts and to log out of computer applications after completion of their paid shifts.  Such actions were performed for the primary benefit of Charter.  As such, Charter received unpaid labor from its CSRs each and every day.  Plaintiff seeks to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and Missouri Law.

### Jurisdiction and Venue

2.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over the FLSA claims of Plaintiff and other similarly situated CSRs is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.

1

This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332(d)(2) and/or 1367.

3.      Missouri law authorizes court actions by private parties to recover damages for violation of the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq.* (hereinafter "MMWL"). R.S.Mo. § 290.527. Jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. §§ 1332(d)(2) and/or 1367 and R.S. Mo. § 290.527.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Charter does business in this district, employs CSRs to work in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

### Parties

5.      Plaintiff Penny Davenport resides in St. Louis County, Missouri and she previously worked at Charter's call center in Town and Country, Missouri from approximately February 2008 to December 2011. Plaintiff Davenport's consent to join this action is attached hereto as "Exhibit 1."

6.      Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of herself and all other similarly situated CSRs employed by Charter at its call enter in Town and Country, Missouri within the last three (3) years.

7.      Plaintiff brings Counts II of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq*. and Fed. R. Civ. Proc. 23 on behalf of herself and all other similarly situated CSRs employed by Charter at its call center in Town and Country, Missouri within the last two (2) years.

8.      Plaintiff brings Counts III through V of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq*. and Fed. R. Civ. Proc. 23 on behalf of herself and all other similarly situated CSRs employed by Charter at its call center in Town and Country, Missouri within the last five (5) years.

9.      Defendant Charter is a Delaware corporation that is licensed and authorized to transact business in the State of Missouri.

### General Allegations

10.     The United States Supreme Court holds that preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA.  See *IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005).  Although *Alvarez* arose in the donning and doffing context in a meat processing plant, its holding is directly applicable to Charter's CSRs.

11.     Plaintiff and similarly situated CSRs have engaged in preparatory activities and other related work activities that are integral and indispensable for them to perform their customer service duties.  Charter does not pay its CSRs for this work time; consequently, these CSRs consistently worked "off the clock" and without pay.  Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, Plaintiff and all similarly situated CSRs are entitled to compensation for the time spent working before and after their paid shifts.

12.     Charter required these CSRs to boot up computers and access programs and applications before they clocked in, which necessitated that the CSRs perform work without pay.

13.     Charter required these CSRs to close programs and applications after they clocked out, which necessitated that the CSRs perform work without pay.

14.     Charter subjected the CSRs to a written policy requiring them to be "prepared to begin work at your designated start time," which Charter relied upon to require the CSRs to perform preparatory tasks including turning on computers and accessing computer programs and applications before the beginning of their paid shifts.

15.     Charter required employees to be available to receive calls until the end of their paid shifts, so that they must shut down computer programs and applications and turn off their computers after the end of their paid shifts.

16.    Charter relied on discipline and threat of discipline for failure to meet "compliance" (schedule adherence) expectations as a means to influence employees to clock in after performing preparatory tasks and to clock out before performing post-liminary tasks.

17.    Charter uniformly denied wages and overtime pay to its CSRs by requiring them to perform "off the clock" work, including logging into and out of various computer applications.

18.    The deliberate failure of Charter to pay CSRs their earned wages and overtime compensation violates the FLSA, the MMWL, and Missouri common law.

19.    Charter paid Plaintiff and its other CSRs on an hourly basis, and classified Plaintiff and other CSRs as "non-exempt" under the FLSA and the MMWL.

20.    Charter did not accurately record all time worked by the CSRs, and specifically did not include time these CSRs spent performing integral and indispensable job duties, including logging on and off various computer systems, programs, and applications.

21.    Charter did not pay Plaintiff and the CSRs to perform these integral and indispensable tasks.

22.    The net effect of the policies and practices maintained and administered by Charter, instituted and approved by company managers, is that Charter willfully failed to pay overtime compensation and willfully failed to keep accurate time records to save payroll costs. Charter thus enjoyed ill-gained profits at the expense of its CSRs.

**Collective/Class Allegations**

23.    Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

24.    Plaintiff, individually and on behalf of other similarly situated CSRs employed by Charter at its call center located in Town and Country, Missouri, seeks relief on a collective basis challenging, among other FLSA violations, Charter's practice of failing to accurately record, and pay for, all overtime hours worked. The number and identity of other plaintiffs yet to opt-in and

consent to be party plaintiffs may be determined from Charter's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

25.    Plaintiff brings Count II as a class action pursuant to Fed.R.Civ.P.23, on behalf of themselves and as the Class Representatives of the following persons (the "Class"):

> All current and former CSRs employed by Charter at its call center in Town and Country, Missouri within two (2) years preceding the date of filing this action.

26.    Plaintiff brings Counts III through V as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and as the Class Representatives of the following persons:

> All current and former CSRs employed by Charter at its call center in Town and Country, Missouri within five (5) years preceding the date of filing this action.

27.    The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated CSRs who do not opt-out of the class.

28.    Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

29.    The class satisfies the numerosity standards.  The Class consists of hundreds of persons who are believed to be geographically dispersed.  As a result, joinder of all Class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail and/or other methods.

30.    Questions of fact and law common to the Class predominate over any questions affecting only individual members.  The questions of law and fact common to the Class arising from Charter's actions include, without limitation, the following:

> (i)    Whether Charter failed to pay Class members wages and overtime required under R.S. Mo. § 290.500 *et seq*.;
>
> (ii)   Whether Charter failed to fully and accurately record the hours worked each day and each workweek by Class members as required under R.S. Mo. § 290.520;

5

     (iii)     Whether contracts existed between Charter and Class members requiring payment of wages;

     (iv)     Whether Charter breached and violated Contracts with Class members by failing to pay wages for time worked;

     (v)     Whether Charter is liable to Class members pursuant to quantum meruit; and

     (vi)     Whether Charter has been unjustly enriched by its failure to pay Class members for time worked.

31.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

32.     Plaintiff's claims are typical of those of the Class in that Class members have been employed in the same or sufficiently similar CSR positions as Plaintiff were subject to the same unlawful practices as the Class.

33.     A class action is the appropriate method for the fair and efficient adjudication of this controversy. Charter has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Charter and/or substantially impairing or impeding the ability of Class members to protect their interests.

34.     Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who are experienced in prosecuting complex wage and

hour, employment, and class action litigation.

35.    Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy.  It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count 1:  Violation of the Fair Labor Standards Act of 1938

36.    Plaintiff reasserts and re-alleges the allegations set forth above.

37.    At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

38.    The FLSA regulates, among other things, the payment of overtime to CSRs who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

39.    Charter is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its CSRs are engaged in commerce.

40.    Charter violated the FLSA by failing to pay for overtime.

41.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of CSRs from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiff or other similarly situated CSRs.

42.    Plaintiff and all similarly situated CSRs are victims of a uniform compensation policy.  Upon information and belief, the same unlawful compensation policy is applied to all of Charter's CSRs.

43.     Plaintiff and all similarly situated CSRs are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus period of equitable tolling, because Charter acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

44.     Charter has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated CSRs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Charter did not act willfully in failing to pay overtime compensation, Plaintiff and all similarly situated CSRs are entitled to an award of prejudgment interest at the applicable legal rate.

45.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Charter from Plaintiff and all similarly situated CSRs.  Accordingly, Charter is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated CSRs demand judgment against Charter and pray for:  (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Count II:  Violation of the Missouri Minimum Wage Law

46.     Plaintiff reasserts and re-alleges the allegations set forth above.

47.     At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500 *et seq*.

8

48.     The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. R.S. Mo. §§ 290.500(3) & (4); R.S. Mo § 290.505.1.

49.     During all times relevant to this action, Charter was the "employer" of Plaintiff and the Class within the meaning of the MMWL. R.S. Mo. §§ 290.500(3) & (4).

50.     During all times relevant to this action, Plaintiff and the Class were Charter's "employees" within the meaning of the MMWL. R.S. Mo. §§ 290.500(3).

51.     The MMWL exempts certain categories of employees from its wage and other obligations, none of which apply to Plaintiff or the Class. R.S. Mo. §§ 290.500(3).

52.     Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. R.S. Mo. § 290.505.1.

53.     Charter pursuant to its policy and practice, violated Missouri's wage and hour laws by refusing and failing to pay Plaintiff and other similarly situated CSRs overtime wages required under the Missouri law. R.S. Mo. § 290.505.1.

54.     Plaintiff and the Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to all Class members.

55.     Plaintiff and all similarly situated CSRs are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

56.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

57.    Charter is liable pursuant to R.S. Mo § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated CSRs demand judgment against Charter and pray for:  (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III – Breach of Contract

58.    Plaintiff reasserts and re-alleges the allegations set forth above.

59.    During times relevant, Plaintiff and all others similarly situated entered into contracts with Charter whereby such persons agreed to perform services as part of their employment by Charter and Charter agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

60.    Charter breached and violated the Contracts by failing to pay Plaintiff and all others similarly situated for time worked.

61.    Prior to Charter's breach and violation of the Contracts, Plaintiff and all others similarly situated performed their duties under the Contracts.

62.    As a direct result of Charter's violations and breaches of the Contracts, as aforesaid, Plaintiff and all others similarly situated have been damaged.

63.    Plaintiff and all similarly situated CSRs are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

64.    Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated CSRs demand judgment against Charter and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## Count IV – Quantum Meruit

65.    Plaintiff reasserts and re-alleges the allegations set forth above.

66.    Charter recognized the benefits conferred upon it by Plaintiff and others similarly situated.

67.    Charter accepted and retained the benefits under circumstances that would render such retention inequitable.

68.    Charter has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

69.    The payment requested by Plaintiff and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

70.    Plaintiff and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

71.    Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated CSRs demand judgment against Charter and pray for:  (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## Count V – Unjust Enrichment

72.    Plaintiff reasserts and re-alleges the allegations set forth above.

73.    Plaintiff and others similarly situated conferred benefits on Charter and Charter received such benefits conferred upon it by Plaintiff and those similarly situated.

74.    Charter appreciated the fact of the benefits.

75.    Charter accepted and retained the benefits in circumstances that render such retention inequitable.

76.    Charter has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

77.    Plaintiff and all similarly situated CSRs are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

78.    Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiff and all similarly situated CSRs demand judgment against Charter and pray for :  (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

**RIGGAN LAW FIRM, LLC**

**/s/ Russell C. Riggan**
Russell C. Riggan, #53060 MO
2000 South 8th Street
St. Louis, Missouri 63104
Phone: (314) 771-5555
Fax: (314) 735-1054
russ@rigganlawfirm.com

**and**

**WEINHAUS & POTASHNICK**

Mark Potashnick, E.D. Mo. #41315MO
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com

*Attorneys for Plaintiff Penny Davenport*