UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PENNY DAVENPORT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV00007AGF |
| ) | |
| CHARTER COMMUNICATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on several pending motions. Plaintiff Penny Davenport initiated this action on January 4, 2012, with the filing of a five-count complaint against Defendant Charter Communications, LLC. Plaintiff was a former customer service representative ("CSR") who worked on an hourly basis at Defendant's call center in Town and Country, Missouri. Plaintiff claimed that Defendant's past policy of not paying CSRs for the time it took them to access computer applications when beginning to work and to close down computer applications at the end of work violated the overtime pay requirements of the Fair Labor Standards Act of 1938 ("FLSA") (Count I) and the Missouri Minimum Wage Law (Count II).

Count I was brought at a collective action on behalf of herself and all other similarly situated CSRs employed by Defendant at its Town and Country call center within the last three years of the date of the filing of the complaint. Count II was brought as a class action under Federal Rule of Civil Procedure 23 on behalf of the same class, but limited to those employed within the past two years. Counts III through V were brought

as Rule 23 class action under Missouri common law for damages for the same alleged overtime pay, on theories of breach of contract (Count III), quantum meruit (Count IV), and unjust enrichment (Count V), on behalf of those in the class employed within the last five years.

On February 7, 20112, Plaintiff moved for conditional certification of a FLSA collective class. On February 10, 2012, Defendant moved to dismiss Counts III, IV, and V as preempted by the FLSA, or alternatively, for failure to state claims. The motion to dismiss has now been fully briefed.

The Court entered a Case Management Order in the case on April 20, 2012, pursuant to which all motions for joinder of additional parties or amendment of pleadings were to be filed no later than June 15, 2012. On June 15, 2012, Plaintiff filed a motion to extend this deadline by three weeks. Plaintiff asserted that they had been contacted just that week by persons who might also have claims and information which might justify broadening the scope of the action. Defendant did not file a response to the motion, and on July 6, 2012, while the motion for an extension was still pending, Plaintiff filed a motion for leave to file a First Amended Complaint. Plaintiff asserted that "[t]hrough recent contacts by [Defendant] employees, Plaintiff's counsel first learned that the same practices pled in the original Complaint have also occurred at [Defendant's] call centers located in Louisville, Kentucky, and Walker, Michigan." (Doc. No. 52.)

The proposed amended complaint (Doc. No. 52-1) broadens the scope of the FLSA collective action (Count I) beyond just the Town and Country call center, adding

allegations pertaining to Defendant's other seven call centers, which are located in Kentucky and Michigan, for a total of eight call centers.  The proposed amended complaint also adds claims under Kentucky and Michigan wage and hour statutes and common law based on the same previously-alleged conduct by Defendant.  Plaintiff maintains that adjudicating these "related claims" in the same litigation will promote judicial economy and efficiency.

     On July 16, 2012, Plaintiff filed an amended motion to conditionally certify a FLSA collective class encompassing CSRs who have been employed at all eight of Defendant's call centers, that is, company-wide, within the last three years.  Defendant objects to an expansion of the collective class, and on July 16, 2012, filed an opposition to Plaintiff's motion to file the proposed amended complaint.  Defendants assert that granting the motion would increase the complexity of the case, would delay adjudication of the claims of the members of the existing putative class, and would prejudice Defendant by rendering its briefing to date on various motions moot.  Defendant requests that should the Court grant the motion to amend, the Court should deny all pending motions as moot, set a new status conference to discuss a revised Case Management Order, and order Plaintiffs to pay Defendant the fees incurred in briefing those motions and in conducting discovery that would need to be duplicated.

     On July 24, 2012, Defendant filed a motion to strike the amended motion for collective class certification.  Defendant asserts that the amended motion was prematurely filed, as leave to file the proposed amended complaint has not yet been granted.

## DISCUSSION

As Defendant acknowledges, Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be freely granted "when justice so requires."  While it is clearly true that the proposed First Amended Complaint will add to the complexity of the case and render several pending motions moot, these are not sufficient reasons to deny Plaintiff's motion to amend.  Nor does the Court believe that a situation is presented here that warrants imposing sanctions on Plaintiffs in the form of fees incurred by Defendant for various tasks done to date.

## CONCLUSION

Upon review of the record,

**IT IS HEREBY ORDERED** that Plaintiff's motion for an extension of time to amend pleadings and add parties is **GRANTED**.  (Doc. No. 49.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a First Amended Complaint is **GRANTED**.  (Doc. No. 52.)  The Clerk of Court shall detach the proposed amended complaint (Doc. No. 52-1) and enter it on the docket sheet as Plaintiff's First Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion filed on February 7, 2012, to conditionally certify a class and facilitate class notification is **DENIED as moot**.  (Doc. No. 11.)

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Counts III, IV, and V of the original complaint is **DENIED** as moot.  (Doc. No. 13.)

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file a surreply addressed to Plaintiff's motion to conditionally certify a class and facilitate class notification is **DENIED as moot**.  (Doc. No. 41.)

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file a memorandum in opposition to Plaintiff's notice of additional evidence in support of Plaintiff's motion for conditional certification is **DENIED as moot**.  (Doc. No. 48.)

**IT IS FURTHER ORDERED** that Defendant's motion to strike, or alternatively stay, Plaintiff's amended motion to conditionally certify a class is **DENIED**.  (Doc. No. 61.)

**IT IS FURTHER ORDERED** that Defendant's motion (Doc. No. 26) to strike the declarations of Penny Davenport and James Rachal filed in support of the initial motion for class certification shall be deemed to apply to the declarations of these individuals filed in support of the amended motion for class certification.

**IT IS FURTHER ORDERED** that within 14 days of the date of the Memorandum and Order, the parties shall confer and submit to the Court, on or before August 24, 2012, a joint proposed Amended Case Management Order.  In their joint submission, the parties shall advise the Court if a further scheduling conference is necessary.

      *Audrey G. Fleissig*
      AUDREY G. FLEISSIG
      UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2012.