UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PENNY DAVENPORT, individually and on behalf of others similarly situated, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:12CV00007AGF<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on two separate motions to toll the statute of limitations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 255(a). Plaintiffs initiated this action on January 4, 2012, against Defendant Charter Communications, LLC, for overtime pay, as a collective action under the FLSA, and a class action under Federal Rule of Civil Procedure. They seek relief on behalf of themselves and all other individuals who worked as customer service representatives during certain time periods at Defendant's call centers.

In its first motion to toll the applicable FLSA statute of limitations for putative plaintiffs to opt in to the collective class, Plaintiffs seek to toll the limitations period by 45 days, representing three 15-day filing extensions requested by Defendant and granted by the Court. In the second motion to toll, Plaintiffs seeks an additional 30-day extension in light of a subsequent 30-day filing extension requested by Defendant and granted by the Court.

The FLSA statute of limitations requires that claims for violations be "commenced within two years after the cause of action accrued," unless the violation was "willful." 29 U.S.C. § 255(a). If an employer's violation is willful, the Act extends the statute of limitations to three years. *Id*. An action is commenced under the FLSA when a party files suit, *id*. § 256(a), but in the case of a collective action, if a party's name does not appear on the complaint, the action is commenced when that party files his or her written consent to become a part of the collective action. Id. § 256(b).

Defendant recognizes that the FLSA statute of limitations is subject to equitable tolling, but argues that tolling is limited to "exceptional circumstances." The Court believes that equitable tolling of the statute of limitations may be available for delays requested by opposing counsel even if the delays do not present what might be called exceptional circumstances. *See, e.g., Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (suggesting that it would be equitable to toll a statute of limitations while a motion for appointment of counsel is pending). While the Court does not mean to suggest that equitable tolling is necessarily appropriate each and every time a defendant in an FLSA case requests additional time, the Court believes tolling is appropriate and reasonable for the filing delays in question here as they were specifically requested by Defendant, the time requested was somewhat lengthy, and denying Plaintiff's motion might result in some potential class members losing their eligibility through no fault of their own or of the named Plaintiffs, but rather due to Defendant's requests for filing extensions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to toll the FLSA statute of limitations for 45 days is **GRANTED**. (Doc. No. 24.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion filed on July 26, 2012, to toll the FLSA statute of limitations for an additional 30 days is **GRANTED**. (Doc. No. 65.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2012.