UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PENNY DAVENPORT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV00007AGF |
| ) | |
| CHARTER COMMUNICATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This putative class action for unpaid wages under the Fair Labor Standards Act ("FLSA") and state labor laws is before the Court on the motion of Defendant Charter Communications, LLC, to strike the declarations of Plaintiffs Penny Davenport and James Rachal, two of the 11 named Plaintiffs. The declarations were submitted in support of Plaintiffs' amended motion for conditional class certification of all employees of Defendant who worked as customer service representatives ("CSRs") staffing dedicated telephone lines at Defendant's eight call centers during the last three years. Plaintiffs allege in their complaint that they and the putative class members were not paid for time spent logging in and out of computer and phone systems before and after their paid shifts.

Davenport's declaration, dated January 28, 2012, states that she worked as a CSR at Defendant's call center in St. Louis County, Missouri, from February 2008 through December 2011. Davenport's declaration includes, but is not limited to, statements that Defendant gave provided her and "the other call center employees a written policy in the

employee handbook requiring [them] to be 'prepared to work at [their] designated start time'"; that in order to comply, she and the other CSRs had to log on to computers and access various programs and had to log on to Defendant's phone system before their paid shifts, and then had to log out of these systems after their paid shifts; that both trainers in her initial orientation and supervisors thereafter advised her and other CSRs of these requirements; and that the system set-up necessitated that CSRs log out of the telephone system–which stopped daily pay–before logging off of the computer.  Davenport also attests that in September 2011, Defendant announced a change in these practices to her and other CSRs.  (Doc. No. 11-3.)  Rachal's declaration is essentially the same, with the omission of the September announcement.  (Doc. No. 11-4.)   Both declarations were submitted to establish that the putative class members are similarly situated to the named Plaintiffs.  Attached to the declarations is a copy of the relevant pages from the employee handbook.

Defendant argues that the declarations should be stricken because they rely upon speculation and hearsay, and include unfounded conclusory statements or are without foundation or personal knowledge.

To obtain conditional certification under FLSA, Plaintiffs "must establish a colorable claim that the class members were the victims of a single decision, policy, or plan."  *See Jost v. Commonwealth Land Title Ins*. Co., No. 4:08CV00734 CDP (Doc. No. 44 at 5) (E.D. Mo. Jan. 27, 2009) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)).  This may be accomplished by means of declarations or affidavits "based in admissible evidence."  *Id*. at 6.

Assuming, without deciding, that affidavits in support of conditional certification must meet the same evidentiary requirements for admission at trial, here the Court finds that the declarations sufficiently comply. While it is true that the declarations at issue do contain a few inadmissible hearsay statements,[1] and do not provide all of the detail that Defendant desires, for the most part the declarations provide a sufficient evidentiary foundation for the statements made. Employees can testify to the working practices of others that they observe. And statements recounting what the affiant "and others" were told during initial orientation by trainers do not fail for lack of personal knowledge. The affiants would be in a position personally to observe what others in the same orientation session were advised; the declarations do not state that *all* CSRs in *all* orientations were so advised. Further, the Court will accept, for purposes of the motion for conditional certification, that a statement by a trainer, made during initial orientation, and regarding required work practices, concerns "a matter within the scope of the . . . employment," as contemplated by Fed. R. Evid. 801(d)(2). What is more, the declarants' key statement, that the challenged policy appears in the employee handbook, is clearly admissible, as are their statements that to comply with the policy, unpaid work had to be performed by CSRs.

---

[1] For example, in the last sentence of paragraph 13 of Davenport's affidavit, she states, "Other CSRs told me that management announced the same changes in their meetings."

The Court will allow the declarations in question to stand, and will accord them their proper evidentiary weight. Whether conditional certification, based on these affidavits, is appropriate, will be determined separately.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to strike the declarations of Penny Davenport and James Rachal is **DENIED**. (Doc. No. 26.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2012.