UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PENNY DAVENPORT, et al., individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:12CV00007 AGF |
| CHARTER COMMUNICATIONS, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Charter Communications, LLC, to dismiss three state law counts of Plaintiffs' amended complaint. Defendant argues that these counts are barred by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, or fail to state claims upon which relief can be granted. For the reasons set forth below, the motion shall be denied in part and granted in part.

## BACKGROUND

In their five-count amended complaint, Plaintiffs, former or present call center employees ("CCEs") who worked on an hourly basis at Defendant's call centers in Missouri, Kentucky, and Michigan, claim that Defendant's past policy of not paying CCEs for the time it took them to access computer applications when beginning to work and to close down computer applications at the end of work violated the FLSA and the minimum wage laws of Missouri, Kentucky, and Michigan, by willfully failing to pay "straight wages and overtime compensation."

In Count I, Plaintiffs bring a collective action under the FLSA on behalf of themselves and all other similarly situated CCEs employed within the three years preceding the filing of the complaint. In Count II, Plaintiff Penny Davenport asserts a class action, under Rule 23, Fed. R. Civ. P., for violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, et seq., on behalf of all CCEs employed at Charter's call center in Town & Country, Missouri.

In addition, in Counts III, IV, and V, Davenport asserts claims of breach of contract (Count III), quantum meruit (Count IV), and unjust enrichment (Count V). These claims are based on the same alleged facts that underlie the other claims and seek unpaid wages for time worked. Davenport brings these three counts under Federal Rule of Civil Procedure 23 on behalf of herself and all other similarly situated CCEs employed by Defendant at its Missouri call center within the last five years.

Defendant argues that Counts III, IV, and V should be dismissed as preempted by the FLSA because these claims are duplicative of the FLSA claim in that they only seek recovery of overtime pay. Defendant relies on cases that state that in enacting the FLSA, Congress manifested a desire to exclusively define the private remedies available to redress violations of the statute's terms, and that to allow additional remedies in the form of duplicative common law claims would serve as an obstacle to the enforcement of the statute. Defendant notes that whereas the FLSA contains a two year statute of limitations and a three year limitations period for wilful violations, the state common law claims carry five year limitations periods from which Davenport should not be allowed to benefit.

Defendant also argues that Davenport's common law claims logically fail because she pleaded that she was not paid the wages at issue pursuant to a written policy and specific work rules, i.e., pursuant to an agreement between her and Defendant. This, Defendant argues, negates an essential element of the common law claims. Alternatively, Defendant argues that the breach of contract claim fails for the reason that insufficient facts are alleged to establish the terms of the alleged contract. Lastly, Defendant argues that all claims arising prior to January 4, 2010, two years prior to the filing of the action on January 4, 2012, are precluded by the applicable two-year statute of limitations under Missouri law.

In response, Davenport relies on cases that hold that state common law claims such as hers are not preempted by the FLSA. She argues that her common law claims are not based on Defendant's written policy and rules, but rather are based upon a violation of the breach of the agreement inherent in every Missouri employment relationship requiring the employer to pay for all work performed. Davenport asserts that in the common law claims she is not simply seeking to recover overtime wages, but that these claims "are intended to recover 'straight-time wages' not available through FLSA or [the Missouri Minimum Wage Law], such as work performed during 'gap time.'" (Doc. No. 89 at 6.) Davenport argues that the claims in Counts III, IV, and V are governed by a five-year limitations period.

## **DISCUSSION**

**Motion to Dismiss Standard**

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs need not provide specific facts in support of their allegations, but they must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level. *Id.* at 556 & n.3; *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012).

**FLSA Preemption**

The FLSA prohibits the employment of any person "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee who sues for unpaid overtime "has the burden of proving that he performed work for which he was not properly compensated." *Lopez v. Tyson Foods, Inc.*, 690 F.3d 869, 874 (8th Cir. 2012) (citation omitted). "Activities performed either before or after the regular work shift, on or off the production line, are compensable . . . if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded by 29 U.S.C. § 254(a)(1)." *Id.* (citation omitted). The FLSA contains a savings clause, which states, "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal

ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter." 29 U.S.C. § 218(a).

State law is preempted if a court determines that (1) Congress expressly preempts state law; (2) Congress has pervasively regulated conduct in a field manifesting its intent to preempt state law; or (3) the state law conflicts with federal law. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992); *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990); *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1141 (E.D. Mo. 2007). In the absence of express pre-emptive language, as is the case with the FLSA,

> pre-emptive intent may . . . be inferred if the scope of the statute indicates that Congress intended federal law to occupy the legislative field, or if there is an actual conflict between state and federal law. Such a conflict arises when compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

*Qwest Corp. v. Minn. Pub. Utilities Comm'n*, 684 F.3d 721, 726 (8th Cir. 2012).

While there is contrary authority, *see, e.g.*, *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) (holding that the plaintiff's state law contract, negligence, and fraud claims were preempted by the FLSA, under conflict/implied preemption), this Court finds persuasive and will follow the decisions of other district courts in the Eighth Circuit, including decisions from this district, that have found no preemption under the FLSA of state common law claims such as those asserted by Davenport. *See Perez-Benites v. Candy Brand, LLC*, 267 F.R.D. 242, 246 (W.D. Ark. 2010) (holding that the plaintiffs' breach of contract claim seeking overtimed pay was not preempted by the

FLSA; "Most district courts in the Eighth Circuit agree that the FLSA's savings clause . . . indicates that the FLSA does not provide an exclusive remedy for its violations."); *Doyel v. McDonald's Corp.*, No. 4:08CV01198 CAS, 2009 WL 350627, at *4 (E.D. Mo. Feb. 10, 2009); *LePage v. Blue Cross & Blue Shield*, No. 08-584 (RHK/JSM), 2008 WL 2570815, *8 (D. Minn. June 25, 2008) ("While Plaintiffs may not obtain double recovery, they are free to pursue relief under the FLSA as well as unjust enrichment.") (citation omitted); *Robertson v. LTS Mgmt. Servs., LLC*, 642 F. Supp. 2d 922, 928 (W.D. Mo. 2008) (holding that the FLSA did not preempt state law claims for breach of contract, quantum meruit, and unjust enrichment); *Osby v. Citigroup, Inc.*, No. 07-cv-06085-NKL, 2008 WL 2074102, at *2 (W.D. Mo. May 14, 2008); *see also Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 885 (N.D. Iowa 2008) (holding that the plaintiffs' duplicative claim under Iowa's minimum wage law was not preempted by the FLSA because the claim did not interfere with, frustrate, conflict with, or stand as an obstacle to the goals of the FLSA, and because FLSA does not provide the exclusive remedy for its violations).

The Court notes that although Davenport did not specifically plead Counts III, IV, and V in the alternative to each other or to other counts in the amended complaint, she will not be able to recover double damages for the same injury. Furthermore, it remains to be seen whether Davenport will be successful in certifying a class under Rule 23 as to the three state common law claims.

**Failure to State Claims and Statute of Limitations**

The Court cannot say at this stage of the proceedings that Davenport's three state common law claims for breach of (implied) contract, unjust enrichment, and quantum meruit fail as a matter of law. The Court, however, agrees with Defendant that a two-year limitations period applies to these claims. The parties dispute whether the claims are governed by a two year statute of limitations, or a five-year statute of limitations. Missouri Revised Statues § 290.527 provides: "All actions for the collection of any deficiency in wages [under the Missouri Minimum Wage Law] shall be commenced within two years of the accrual of the cause of action." Missouri Revised Statutes § 516.140 provides:

> An action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938 and amendments thereto, such act being an act of Congress, shall be brought within two years after the cause accrued.

Mo. Rev. Stat. § 516.140. Davenport argues that her breach of (implied) contract, quantum meruit, and unjust enrichment claims are governed by the five-year limitations period for actions upon "contracts, obligations or liabilities, express or implied . . . except where a different time is herein limited." § 516.120(1). This Court will follow the recent decision of another court in this district, *Sutton-Price v. Daugherty Sys., Inc.*, No. 4:11CV01943 (CEJ), 2012 WL 2282344 (E.D. Mo. June 18, 2012), which held in a similar context that under Missouri law, claims such as those under consideration were governed by a two-year limitations period. *Id.* at *2. In doing so, the Court rejects the

reasoning in *Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-CV-04175-NKL, 2011 WL 5563444, at *2 (W.D. Mo. Nov. 15, 2011) (holding that an unjust enrichment claim for straight wages was not a claim falling under Missouri minimum wage or overtime law, but instead had its basis in general contract law, and thus the five year statute of limitations applied).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Counts III, IV, and V of Plaintiffs' amended complaint is **DENIED**, with the exception of claims accruing prior to January 4, 2012.  (Doc. No. 78.)

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2012.