UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PENNY DAVENPORT, et al., individually and on behalf of others similarly situated, ) ) ) Plaintiffs, ) ) vs. ) ) CHARTER COMMUNICATIONS, LLC, ) ) Defendant. ) | Case No. 4:12CV00007 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Penny Davenport for reconsideration of that part of the Court's Memorandum and Order dated October 18, 2012 related to the statute of limitations for her three state common law claims against Defendant Charter Communications, Inc. ("Charter"). For the reasons set forth below, the motion for reconsideration shall be granted.

## BACKGROUND

Davenport and three other named Plaintiffs brought this action on their own behalf and on behalf of other former or present call center employees ("CCEs") who worked on an hourly basis at Defendant's call centers in Missouri, Kentucky, or Michigan, at a time when Charter was not paying CCEs for the time it took them to access computer applications when beginning to work and to close down computer applications at the end of work. Count I of the amended complaint (Doc. No. 69) is brought by all Plaintiffs as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") for unpaid overtime wages in the three years preceding the filing of the complaint.

Based on the same facts, Counts II, III, IV, and V are brought only by Davenport as a class action, under Rule 23 of the Federal Rules of Civil Procedure, for unpaid wages under Missouri statutory and common law, on behalf of all similarly situated CCEs once or now employed at Charter's call center in Town & Country, Missouri.  More specifically, Count II is brought under the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, et seq., for unpaid overtime wages in the two years preceding the filing of the complaint; and Counts III, IV, and V are brought under theories of breach of implied contract, quantum meruit, and unjust enrichment, respectively, all for unpaid wages for the five years preceding the filing of the complaint.[1]

In the Memorandum and Order dated October 18, 2012, the Court rejected Charter's argument that Counts III, IV, and V should be dismissed as preempted by the FLSA because these claims were duplicative of the FLSA claim in that they only seek recovery of overtime pay.  The Court also rejected Charter's motion to dismiss these counts for failure to state acclaim.  The Court noted that although Davenport did not plead Counts III, IV, and V in the alternative to each other or to other counts in the amended complaint, she would not be able to recover double damages for the same injury.  The Court further held that these three common law claims were governed by the two year statute of limitations of Missouri Revised Statutes § 516.140, which provides as follows:

> An action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938

---

[1] The remaining counts of the amended complaint are brought under Kentucky's and Michigan's minimum wage laws.

and amendments thereto, such act being an act of Congress, shall be brought within two years after the cause accrued.

Mo. Rev. Stat. § 516.140. Davenport argued that her breach of contract, quantum meruit, and unjust enrichment claims sought "straight time" or "gap time" wages, not overtime wages, and were governed by the general five-year limitations period for actions upon "contracts, obligations or liabilities, express or implied . . . . *Id*. § 516.120(1).

Davenport now asks the Court to reconsider, under Federal Rule of Civil Procedure 54(b), this aspect of its decision, in light of a recent decision by another Judge in this District Court, *Trapp v. O. Lee, LLC*, ___F. Supp. 3d ___, 2013 WL 171812, at *4 (E.D. Mo. 2013), which held in a similar context, that the five-year statute of limitations applied to the plaintiff's common law claims for straight time or gap time wages.

Charter argues that Davenport has not met the high standard for a motion for reconsideration under Federal Rules of Civil Procedure 59 or 60(b), that *Trapp* is not controlling law, and that this Court's original decision was correct. Charter maintains that Mo. Rev. Stat. § 290.527, which clearly and unambiguously states that under Missouri law, "all actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action" applies to Counts III, IV, and V.

### DISCUSION

As Davenport asserts, Rule 54(b), which provides that an interlocutory order "may be revised at any time before the entry of judgment adjudicating all claims and all the parties' rights and responsibilities" applies here, and not the more stringent standard under Rule 60(b). Under Rule 54(b), a district court may, "in its discretion, reconsider an interlocutory order to correct any clearly or manifestly erroneous findings of fact or conclusions of law." *Munroe*

3

*v. Con't W. Ins. Co.*, No. 4:10CV1942 CDP, 2012 WL 4358642, at *2 (E.D. Mo. Sept. 24, 2012) (citation omitted).

Charter is correct that *Trapp* is not controlling law on this Court. The Court concludes, however, that *Trapp* reached the right conclusion on the question at issue, as did *Nobles v. State Farm Mutual Automobile Insurance Co.*, No. 2:10CV4175 NKL, 2011 WL 5563444 (W.D. Mo. Nov.15, 2011), cited but not followed by the Court in its October 18, 2012 Memorandum and Order.2 In sum, the Court concludes that the claims in Counts III, IV, and V of the amended complaint in the present case are subject to the five-year statute of limitations. Section 290.527, Mo. Rev. Stat., does not avail Charter because, by its express terms, it only applies to claims arising under §§ 290.500 to 290.530.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration is **GRANTED** as set forth above. (Doc. No. 102.)

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2013

---

2 In reaching its decision that the two-year statute of limitations applied to Davenport's common law claims, this Court relied upon *Sutton–Price v. Daugherty Systems, Inc.*, No. 4:11CV1943 CEJ, 2012 WL 2282344 (E.D. Mo. June 18, 2012). *Trapp* attempts to distinguish *Sutton-Price* by stating that *Sutton-Price* "dealt only with the application of § 516.140 to overtime compensation, and not to straight time wages." This Court does not believe the distinction is valid. As in *Trapp* and the present case, the plaintiff in *Sutton-Price* sought overtime pay under the FLSA and the same unpaid wages under a quantum meruit theory. Rather, the Court concludes that *Sutton-Price* was incorrect on the statute of limitations question, and that *Trapp* and *Nobles* present the better position.

4