UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PENNY DAVENPORT, *individually and on behalf of others similarly situated*, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 4:12CV0007 AGF |
| CHARTER COMMUNICATIONS, LLC, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, Penny Davenport, individually and on behalf of other similarly situated individuals, asserts collective action claims under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a proposed class action under Federal Rule of Civil Procedure 23, against Defendant Charter Communications, LLC. Davenport and several opt-in Plaintiffs seek unpaid overtime pay on behalf of themselves and all other individuals who worked as customer service representatives at Defendant's call centers in Town and Country, Missouri; Walker, Michigan; Louisville, Kentucky; Greenville, South Carolina; Vancouver, Washington; Rochester, Minnesota; Fond du Lac, Wisconsin; and Worcester, Massachusetts in the three years prior to the filing of this suit.[1]

---

[1] Plaintiffs acknowledge that Defendant remediated its overtime work and pay practices around September 1, 2011, and the parties agree that the class period ends on that date.

Now before the Court are Defendant's motion for reconsideration of the Court's March 27, 2014 order granting conditional certification of the FLSA collective action claims and Plaintiffs' motion for equitable tolling of the FLSA statute of limitations. *See* Doc. No. 172. The parties have fully briefed their positions on these motions. For the reasons set forth below, Plaintiffs' motion for equitable tolling will be granted in part, and the motion for reconsideration will be denied.

## BACKGROUND

**Procedural History**

Plaintiffs initiated this action on January 4, 2012, and on February 7, 2012, filed a motion for conditional certification under the FLSA. After acquiring additional information regarding Defendant's timekeeping policies, Plaintiffs filed an amended motion for conditional certification on July 16, 2012. *See* Doc. No. 58. On August 17, 2012, at Plaintiffs' request, the Court issued an order tolling the statute of limitations for seventy five days, representing the additional time Defendants had been granted for the filing of various responsive briefs. *See* Doc. No. 74.

During a hearing on August 28, 2012, Plaintiffs requested leave to continue Davenport's deposition in order to review documents belatedly produced by Defendant. In addition to the continuance, Plaintiffs sought equitable tolling of the statute of limitations for the period necessary to review the documents. In response to the request, the Court noted that it had previously agreed to toll the statute of limitations to address Plaintiffs' allegations that Defendant engaged in delaying tactics, but that such additional requests for equitable tolling would be denied.

The parties completed briefing on the amended motion for conditional certification on October 10, 2012. While that motion was pending, the parties engaged in discovery. Defendant deposed most of the opt-in Plaintiffs, produced thousands of documents and declarations from more than fifty putative class members. In addition, Plaintiffs deposed Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6).

Defendant asserts that the evidence collected in discovery demonstrates that: (a) there is no uniform policy or practice that requires employees to work without compensation; (b) Plaintiffs' allegations that they were instructed to work off-the-clock is inconsistent with the actual varied experiences of co-workers; and (c) an individualized inquiry will be required to adjudicate the allegations of off-the-clock work, rendering class adjudication improper. *See* Doc. No. 156-1.

On March, 27, 2014, the Court conditionally certified this suit as a collective action under the FLSA. *See* Doc. No. 172. Defendant moves for reconsideration of conditional certification asserting that in light of the discovery undertaken in this action prior to its ruling, the application of the lenient conditional certification standard was improper and that the Court should have applied an intermediate standard of review which would have resulted in the denial of Plaintiffs' motion for conditional certification.

Plaintiffs oppose the motion for reconsideration asserting that the Court's standard of review and determination were proper and that any reconsideration of the FLSA certification should await the close of discovery and the final certification process under the FLSA.

With respect to equitable tolling, Plaintiffs now assert that the time elapsed

between the filing of the motion for collective certification and the ruling on that motion constitutes an "exceptional circumstance" and warrants tolling here. Plaintiffs ask the Court to toll the statute of limitations under the FLSA from July 16, 2012, the date they filed their amended motion for conditional certification, or, in the alternative, from October 10, 2012, the date on which the parties completed their briefing of that motion, through the date on which notice is disseminated.

Defendant concedes that the FLSA statute of limitations is subject to equitable tolling, but argues that such tolling is limited to "exceptional circumstances," which it asserts are not present here. Defendant also argues that Plaintiffs' request should be denied because Plaintiffs have neither satisfied their burden to show that equitable tolling would be proper nor been diligent in pursuit of their claims. Finally, Defendant asserts that the Court's August 28, 2012 statement regarding the denial of future requests for tolling precludes the grant of Plaintiffs' motion.

## APPLICABLE LAW

### I. Standard of Review: Motion for Reconsideration

"A motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). It "cannot serve as a vehicle for new legal theories or arguments 'which could have been offered or raised prior to the entry of [the order under consideration],'" *Painters Dist. Council No. 2 v. Anthony's Painting, LLC*, 494 F. App'x 703, 705 (8th Cir. 2012)

(quoting *Metro. St. Louis Sewer Dist.*, 440 F.3d at 934), and "'is not a vehicle for simple reargument on the merits.'" *Alexander v. Medtronic, Inc.*, No. 2:12-CV-04104-NKL, 2012 WL 3724052, at *4 (W.D. Mo., Aug. 27, 2012) (quoting *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999)).

## II. <u>Alternate Standards for Conditional Certification under the FLSA</u>

The Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are 'similarly situated' under the FLSA but district courts within the Eighth Circuit typically use a two-step approach in making the determination. *See, e.g.*, *Kennedy v. Boulevard Bank*, No. 4:12CV40 JCH, 2012 WL 3637766, at *2 (E.D. Mo. Aug. 22, 2012). Under the two-step process, named plaintiffs first seek conditional certification, and if conditional certification is granted, the defendant may later move for decertification after the opt-in period has closed and all discovery is complete. *Kayser v. SW Bell Tel. Co.*, 912 F. Supp. 2d 803, 812 (E.D. Mo. 2012); *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005).

A motion for conditional certification is usually filed before any significant discovery has taken place and plaintiffs' burden at this first stage is characterized as lenient and requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Davis*, 408 F. Supp. 2d at 815. "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007).

In cases where substantial discovery has taken place at the time the motion for conditional certification is filed, some courts apply "a more restrictive, but still lenient" "intermediate" standard of review. *Sutton-Price v. Daugherty Sys.*, No. 4:11-CV-1943 (CEJ), 2013 WL 3324364, at *3 (E.D. Mo. July 1, 2013); *see also Kayser*, 912 F. Supp. 2d at 812.

It is less than clear what the intermediate standard requires and at least one court has observed that "the intermediate standard is applied differently by every court." *McClean v. Health Sys., Inc.*, No. 11-03037-CV-S-DGK, 2011 WL 6153091, at *4 (W.D. Mo. Dec. 12, 2011) (citing *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 826-28 (N.D. Ohio 2011)). Some courts apply the relatively stringent second-step decertification factors, others require only "modest factual support," while others fail to articulate an alternative standard. *Kayser*, 912 F. Supp. 2d at 812 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 996 F. Supp. 1071, 1080-81 (D. Kan. 1998); *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 n.1 (E.D. Mich. 2004); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004)). Regardless of the manner in which an intermediate standard is applied, courts must be mindful that at this stage of the litigation, plaintiffs seek conditional rather than final certification and that discovery, albeit possibly underway, is not complete. *See, e.g.*, *McClean*, 2011 WL 6153091, at *4 (quoting *Bunyan v. Spectrum Brands, Inc.*, No. 07-CV-0089-MJR, 2008 WL 2959932, at *4 (S.D. Ill. July 31, 2008)).

Two courts in this district have applied an intermediate standard where at the time of the conditional certification ruling, the record contained substantial evidence regarding

the certification question. *See Sutton-Price*, 2013 WL 3324364, at *3 (reasoning that the court cannot ignore the substantial evidence presented in other pending motions in deciding whether to grant conditional certification); *Kayser*, 912 F. Supp. 2d at 812 (same). These courts required "'modest' factual support for the class allegations." *Sutton-Price*, 2013 WL 3324364, at *3 (quoting *McClean*, 2011 WL 6153091, at *4). The courts compared the plaintiffs' allegations with the factual record to determine whether the plaintiffs had made a "sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists." *Id*. at *4 (citation omitted).

### III. The FLSA and Equitable Tolling

Under the FLSA, claims must be "commenced within two years after the cause of action accrued," unless the violation was "willful." 29 U.S.C. § 255(a). If, as here, an employer's violation is alleged to be willful, the FLSA extends the statute of limitations to three years. *Id*. An action is commenced under the FLSA when a party files suit, *id*. at § 256(a), but in the case of a collective action, if a party's name does not appear on the complaint, the action commences with respect to that party when he or she files a written consent to become a part of the collective action. *Id.* at § 256(b). As a result, the statute of limitations continues to run until a putative class member elects to join the suit. *Id*.

"The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009) (citing *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006)); *see also*

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013) (same, with respect to equitable tolling under 28 U.S. C. § 2244(d)(1), the AEDPA statute of limitations).

Applying these principles, the Eighth Circuit has permitted equitable tolling, in "extraordinary circumstances." *Smithrud v. City of St. Paul*, Nos. 12-3713, 12-3736, 2014 WL 1226751, at *3, (8th Cir. Mar. 26, 2014). Specifically, the Eighth Circuit permits "'[t]his limited and infrequent form of relief'" if the litigant establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it." *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) (internal citation omitted). And only circumstances "truly beyond the plaintiff's control" are deemed exceptional. *Jenkins v. Mabus*, 646 F.3d 1023, 1028-29 (8th Cir. 2011).

The Eighth Circuit has not directly addressed the issue of equitable tolling in an FLSA case, but district courts in several jurisdictions, including this one, have held that delays of varying lengths between the filing of a motion for conditional certification and a court's ruling on that motion constitute "exceptional circumstances" that warrant the equitable tolling of the FLSA claims. *See, e.g.*, *Thompson v. Direct Gen. Consumer Prods., Inc.*, No. 3:12-CV-1093, 2014 WL 884494, at *8-9 (M.D. Tenn. Mar. 5, 2014) (holding that a delay of 15 months in ruling on the motion for conditional certification was an exceptional circumstance warranting equitable tolling); *Small v. Univ. Med. Ctr. of S. Nev.*, No. 2:13-cv-00298-APG-PAL, 2013 WL 3043454, at *4 (D. Nev. June 14,

2013) (tolling the statute of limitations beginning 30 days after the filing of a motion for conditional certification until the ruling issued); *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 860-61 (N.D. Ill. June 11, 2013) (tolling the statute of limitations during the two-year pendency of a motion for conditional certification and citing its own "excessive delay" in ruling on the motion and the absence of fault on the part of the plaintiff as the bases for equitable tolling) (collecting cases); *Holliday v. JS Express Inc.*, No. 4:12CV01732 ERW, 2013 WL 2395333, at *8 (E.D. Mo. May 30, 2013) (tolling the statute of limitations for the four month period from the date of the filing of the motion for conditional certification through the commencement of the notice period); *Yahraes v. Rest. Assoc. Events Corp.*, No. 10-CV-935 (SLT), 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011) (noting that "the time required for a court to rule on a motion . . . for certification of a collective action in an FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine") (citation omitted).

There is, however, contrary authority on this point. *See, e.g.*, *Garrison v. ConAgra Foods Packaged Food, LLC*, No. 4:12-CV-00737-SWW, 2013 WL 1247649, at *5 (E.D. Ark. Mar. 27, 2013) (refusing, without specifying the amount of time at issue, to invoke the doctrine of equitable tolling during the pendency of the motion because "equitable tolling does not apply to garden variety claims of excusable neglect"); *Sims v. Housing Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2010 WL 3221790, at *3 (W.D. Tex. Aug. 13, 2010) (requiring plaintiffs to "show that they diligently pursued their rights yet were unable to discover essential information bearing on the existence of their claim") (internal quotations omitted).

Much of the contrary authority rests on the notion that if "Congress wished to have opt-in plaintiffs' lawsuits relate back to the filing date of the lead plaintiff, Congress would have spelled out such a rule instead of spelling out its opposite." *Sims*, 2010 WL 3221790, at *3. Taking into account the statutory scheme for collective certification under the FLSA, courts have held that there is nothing extraordinary about the passage of some period of time between the filing of a motion for conditional certification and the issuance of notice to the class. *See, e.g.*, *Young v. Dollar Tree Stores, Inc.*, No. 11-cv-1840-REB-MJW, 2013 WL 1223613, *2 (D. Colo. Mar. 25, 2013) (refusing to toll the FLSA statute of limitations during 10 month pendency of motion to certify). These courts reason that some delay is both anticipated and ordinary in FLSA cases, and that to permit tolling on the basis of such delay would transform the "extraordinary remedy" of equitable tolling "into a routine, automatic one." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1244 (S.D. Ala. 2008); *see also Titchenell v. Apria Healthcare Inc.*, No. 11-563, 2012 WL 3731341, at *7 (E.D. Pa. Aug. 29, 2012) (refusing to toll the statute of limitations solely on the basis of time elapsed during the pendency of a certification motion and noting the plaintiff's failure to show that the defendant "actively misled" it respecting the existence of an FLSA claim); *Hintergerger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 WL 3464134, at *15 (W.D.N.Y. Oct. 21, 2009) (refusing to toll the statute of limitations where there was a delay in the ruling on conditional certification but also noting that the plaintiffs failed to demonstrate diligent pursuit of their claims).

Despite this difference of opinion it is clear that declarations from putative opt-in plaintiffs are not required to establish a basis for equitable tolling. *See Dolgin v.*

*Monsanto Co.*, No. 4:12CV01793 ERW, 2013 WL 4829218, at *4 (E.D. Mo. Sept. 10, 2013) (holding that a class representative need not establish putative plaintiffs' desire to join in the FLSA suit); *see also Ondes v. Monsanto*, No. 4:11CV197 JAR, 2011 WL 6152858, at *5 (E.D. Mo. Dec. 12, 2012). Nor does the absence of such declarations indicate that a plaintiff has not diligently pursued his claims. *See Hintergerger*, 2009 WL 3464134, at *15.

## DISCUSSION

### I. Reconsideration of Conditional Certification

Upon consideration of the parties' arguments and the applicable law, the Court concludes that Defendant's motion for reconsideration should be denied because it does not serve the limited permissible functions of such motions – correcting manifest errors of law or fact or presenting newly discovered evidence. *See Bradley Timberland Res.*, 712 F.3d at 407. In this case, Defendant's motion is in the Court's view nothing more than an impermissible "reargument on the merits" of issues that were or could have been raised in the original motion. *Alexander*, 2012 WL 3724052, at *4 (internal quotation omitted).

However, even if the Court assumes that Defendant's motion is proper as a challenge to the Court's application of the lower standard for conditional certification, it also fails. First, although Defendant had completed substantial discovery by the time the Court ruled on the motion for conditional certification, this is not a case where considerable discovery had occurred at the time that the conditional certification motion was filed. Therefore, it is not clear that the intermediate standard should have been

applied in this case. *See Fast*, 243 F.R.D. at 363 (refusing to apply the intermediate standard where the parties have conducted some discovery, but neither party contended that discovery was substantially complete).

Even if the intermediate standard were deemed applicable here, it appears that Plaintiffs have established a sufficient fact-plus basis for certification under that standard. Under the intermediate standard as applied in this district, plaintiffs at this stage of an FLSA suit are under no obligation to demonstrate that the putative members of a conditionally certified class are "actually similarly situated." *Id*.; *see also McClean*, 2011 WL 6153091, at *4. However, it is unnecessary for the Court to determine this issue, in light of the Court's holding above.

The Court recognizes the remedial purposes of the statute and the role of its two-stage certification process in affording plaintiffs the opportunity to complete discovery before requiring that they establish that they are "actually similarly situated." *See Fast*, 243 F.R.D. at 363; *Kautsch v. Premier Commun.*, 504 F. Supp. 2d 685, 690 (W.D. Mo. 2007) (holding that "justice is most readily served by notice reaching the largest number of potential plaintiffs [at the initial certification stage of an FLSA proceeding]"). Defendant shall, of course, have an opportunity at the close of all discovery to demonstrate that de-certification is appropriate.

## II. Equitable Tolling

Defendant asserts that Plaintiffs have not shown that they are entitled to equitable tolling because they have not submitted declarations from particular putative opt-in plaintiffs indicating that they been prevented from opting in by the Court's delay in ruling

on the motion for certification. But the Court is not persuaded. Declarations from putative opt-in plaintiffs are not required to establish a basis for equitable tolling. *Dolgin*, 2013 WL 4829218, at *4; *Ondes*, 2011 WL 6152858, at *5. Similarly, relevant authority contradicts Defendant's suggestion that deciding the tolling issue in the absence of such declarations may constitute an advisory opinion. *See Dolgin*, 2013 WL 4829218, at *4; *Ondes*, 2011 WL 6152858, at *5.

Defendant next argues that the failure of putative plaintiffs to show interest in the suit prior to the receipt of notice indicates that Plaintiffs have not been diligent in the pursuit of their claims. In essence, Defendant argues that notice is unnecessary to inform putative plaintiffs of their rights because they have other ways to learn of the existence of the lawsuit.

The Court does not agree. That some employees learned of and joined the suit before notice of conditional certification does not mean that other putative plaintiffs should be charged with knowledge of the suit and the obligation to affirmatively opt-in before notice. Courts do not attribute constructive knowledge of a pending FLSA lawsuit to putative plaintiffs. *See Thompson*, 2014 WL 884494, at *8. Therefore, the failure to opt in prior to actual notice does not demonstrate a lack of diligence in pursuit of FLSA claims. *See id.* (holding that prior to actual notice "[t]he exercise of reasonable care or diligence would not have made putative class members aware of this case or the operation of the FLSA's limitations period on their claims"); *Holliday*, 2013 WL 2395333, at *7 (holding that before the provision of notice the relevant consideration is whether the named plaintiffs diligently pursued their claims, not whether putative opt-in

plaintiffs diligently pursued claims); *Ondes*, 2011 WL 6152858, at *5 (concluding that a rule requiring evidence that potential plaintiffs desire to opt-in before court-authorized notice "'would essentially force plaintiffs or their attorneys to issue their own form of informal notice or to otherwise go out and solicit other plaintiffs'" and "'would unnecessarily give rise to potential ethical issues'") (quoting *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2009 WL 5066759, at *5 (E.D. Ark. Dec.15, 2009)). Consistent with these holdings, the Court concludes that declarations from putative opt-in plaintiffs indicating their desire to opt-in and their inability to have done so are not required to establish a basis for equitable tolling of the FLSA statute of limitations or to demonstrate diligent pursuit of claims.

In addition, the record here does not otherwise indicate a lack of diligence by Plaintiffs. Although the filing of the amended motion for conditional certification occasioned some minimal delay in the pursuit of the claims, the greatest part of the delay is due to the time that passed between the close of briefing on the amended motion for conditional certification of the collective action and the Court's ruling on the motion. Moreover, there is no indication that the delay in the Court's ruling resulted from purposeful conduct or maneuvering by either party. *See, e.g., Jackson v. Bloomberg, L.P.,* No. 13 Civ. 2001 (JPO), 2014 WL 1088001, at *17 (S.D.N.Y. Mar. 19, 2014) (explaining that "plaintiffs wishing to pursue their rights cannot sit on them indefinitely, [but] those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delay in rulings") (internal quotation omitted).

Upon consideration of the procedural history in this case, the parties' arguments, and the legal precedents applicable to the question of equitable tolling, the Court concludes that a grant of equitable tolling for some period of time is appropriate here. The Court finds that the delay between the submission of the amended motion for conditional certification and the Court's ruling thereon was not an ordinary procedural delay of the type anticipated under the statutory scheme and amounts to an "extraordinary circumstance" warranting equitable tolling. *Holliday,* 2013 WL 2395333, at *8; *see also Thompson*, 2014 WL 884494, at *8 (holding that a significant delay, whether arising from "[a]ggressive motion practice" or a "[c]ourt's heavy docket," should not be permitted "to extinguish putative class members' claims").

Recognizing that the statutory scheme necessarily anticipates some passage of time before a certification ruling, the Court nevertheless concludes that the seventeen-month delay here exceeds the routine, "simple procedural delay" of the sort that Congress might have anticipated when drafting the FLSA. *See Thompson*, 2014 WL 884494, at *8 (reaching the same conclusion with respect to a fifteen month delay in ruling on a motion for conditional certification); *Bergman*, 949 F. Supp. 2d at 860-61 (observing that a "long delay [of two years] in issuing a ruling is an extraordinary circumstance that should not cause the opt-ins to lose out on the potential benefits of this lawsuit").

Further, tolling between the date of this Court's Order granting conditional certification and the date of this Order is also appropriate, as this delay is attributable to Defendant's motion for re-consideration and request to stay the action pending a ruling on that motion. (Doc. No. 179.)

Finally, considering the balance of the equities affected by permitting tolling here the Court is satisfied that tolling of the statute of limitations will not unfairly prejudice Defendant. The Court notes that the proposed scope of the conditional class was evident to Defendant throughout the pendency of the motion and there has been no change or surprise warranting a finding of possible prejudice. *See Thompson*, 2014 WL 884494, at *9. By contrast, in the absence of tolling, Defendant would experience a significant windfall – a reduction in the size of the plaintiff class – solely as a result of the demands of the Court's docket and its delay in ruling expeditiously on the motion. The Court believes that such a result should be avoided. *See Id.* (concluding where the defendant knew "the scope of its alleged liability" from the time the suit was filed, that equitable tolling during the pendency of the motion for conditional certification would not result in prejudice).

Mindful of Defendant's interests, however, the Court will not begin to toll the statute of limitations until sixty days following the date briefing was completed on the amended motion for certification. *See Putnam v. Galaxy 1 Mktg., Inc*., 276 F.R.D. 264, 276 (S.D. Iowa Aug. 23, 2011) (tolling the FLSA statute of limitations from date the conditional certification motion was filed until the notice period began). The passage of time required for the briefing of the motion and for the Court's consideration of the motion under the "normal" press of its docket is ordinary and would have been anticipated in the design of the certification process under the FLSA. After sixty days elapsed from the completion of briefing, further delay in the resolution of the motion departed from the ordinary and, for reasons unrelated to the conduct of the parties,

became "extraordinary circumstances" attributable to the Court's delay, warranting equitable tolling here. *See, e.g.*, *Small*, 2013 WL 3043454, at *4.

Finally, with respect to the asserted preclusive effect of the Court's earlier statement regarding the application of equitable tolling in this case, the Court notes that its remark was made in the course of a discussion regarding the application of equitable tolling to remedy delay occasioned by the parties, and not by the Court. In addition, the Court did not at that time anticipate that the congestion of its docket would delay the conditional certification ruling to the extent that it had.

## CONCLUSION

On the basis of the foregoing, the Court will grant Plaintiffs' motion and will toll the FLSA statute of limitations to the extent that the Court's delay in ruling on the amended motion for conditional certification was excessive. Therefore, the tolling period will commence on December 9, 2012, sixty days after the close of briefing on the motion, through the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that that the stay of proceedings entered in this matter on April 10, 2014, is **LIFTED**.

**IT IS FURTHER ORDERED** Defendant's motion for reconsideration of the Court's order granting conditional collective action certification is **DENIED**. (Doc. No. 179.)

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Tolling during the Pendency of the Amended Motion for Conditional Class Certification (Doc. No. 173) is

**GRANTED in part**.

**IT IS FURTHER ORDERED** that the statute of limitations on Plaintiffs' FLSA claims is tolled for the period commencing December 9, 2012 (sixty days after the conclusion of briefing on Plaintiffs' Amended Motion for Conditional Class Certification) through the date of this Order.

**IT IS FURTHER ORDERED** that if it has not already done so Defendant shall provide to Plaintiff's counsel within fourteen (14) days of the date of this Order, and in readable electronic format, the mailing addresses and email addresses of all putative members of the conditionally certified class.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2014.