UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PENNY DAVENPORT, et al., individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:12CV00007 AGF |
| CHARTER COMMUNICATIONS, LLC, ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (Doc. No. 230) to certify a question of law to the Kentucky Supreme Court. For the reasons set forth below, Plaintiffs' motion shall be **DENIED**.

## BACKGROUND

On August 4, 2014, this Court granted Defendant's motion for judgment on the pleadings, holding in part that Ky. Rev. Stat. § 337.385 does not permit class or collective actions. (Doc. No. 218.) Plaintiffs now ask the Court to certify to the Kentucky Supreme Court the exact same question—whether Ky. Rev. Stat. § 337.385 permits class and/or collective actions. Plaintiffs assert that certification is appropriate under Ky. R. Civ. P. 76.37, which provides:

> If there are involved in any proceeding before . . . any District Court of the United States . . . questions of law of this state which may be determinative of the cause then pending before the originating court and as to which it appears to the party or the originating court that there is no controlling precedent in the decisions of the Supreme Court and the Court of Appeals of

> this state, the Kentucky Supreme Court may answer those questions of law when certified to it by the originating court, or after judgment in the District Court upon petition of any party to the proceeding.

Ky. R. Civ. P. 76.37(1). Plaintiffs state that this Court recognized in its August 4, 2014 Order that the Kentucky Supreme Court had not decided the specific question of whether Ky. Rev. Stat. § 337.385 permits class or collective actions, and this question warrants certification because it touches on important state interests regarding the rights of workers.

Defendant opposes certification on the grounds that Plaintiffs' motion is untimely, having been brought only after the Court already decided the question at issue, and that Plaintiffs' motion does not meet the requirements of Ky. R. Civ. P. 76.37 because the question Plaintiffs seek to certify is not "determinative" of Plaintiffs' cause of action. Defendant also notes that, although the Kentucky Supreme Court has not decided the exact question of whether Ky. Rev. Stat. § 337.385 permits class or collective actions, this Court made its determination by relying on principles of statutory interpretation from the Kentucky Supreme Court, as well as precedent from the Kentucky Court of Appeals.

## **DISCUSSION**

"[F]ederal courts have a duty to address matters of state law, even when that law is unsettled[.]" *Jung v. Gen. Cas. Co.*, 651 F.3d 796, 800 (8th Cir. 2011). Thus, "federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Pennington v. State Farm Mut. Auto Ins. Co.*, 553 F.3d 447, 449 (6th. Cir. 2009)) (citation omitted).

Although federal courts have discretion to certify unsettled questions of state law, certification is discouraged, and generally refused, where the parties have already presented the issue for decision to the district court. *See, e.g., Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209 (8th Cir. 1987) ("The practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision."); *City of Columbus v. Hotels.Com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012) ("The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling," and this view is "shared by many of our sister circuits.") (citing cases); *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) ("There is a presumption against certifying a question to a state supreme court after a federal district court has issued a decision."); *Cantwell v. Univ. of Mass.*, 551 F.2d 879, 880 (1st Cir. 1977) ("[T]he bar should take notice that one who chooses the federal courts . . . is in a peculiarly poor position to seek certification. We do not look favorably, either on trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court, or on duplicating judicial effort.").

Here, Plaintiffs did not seek to have the question at issue certified to the Kentucky Supreme Court until after this Court considered and decided the question in favor of Defendant. And the state of the law in Kentucky was well known to Plaintiffs when the matter was submitted to this Court. Further, although the Court recognized that the Kentucky Supreme Court had not addressed the specific question, the Court relied on

well-established principles of Kentucky law regarding statutory interpretation and a decision of the Kentucky Court of Appeals to resolve the matter. Under these circumstances, the Court is not inclined to trouble the Kentucky Supreme Court with certification.

Moreover, Plaintiffs have not shown that the requirements for certification under Kentucky law are satisfied. Kentucky Rule of Civil Procedure 76.37 limits certification to questions of state law "which may be determinative of the cause then pending before the originating court." Ky. R. Civ. P. 76.37(1). The question of whether Ky. Rev. Stat. § 337.385 permits class or collective actions is not determinative of Plaintiffs' cause of action, or of their Kentucky claims. As Defendant correctly notes, the Court's holding that Plaintiffs' Kentucky claims may not proceed as a class or collective action did not dispose of those claims. Even under Plaintiffs' interpretation of "determinative," which they assert as a matter of "common sense" means "an issue that determines whether a claim may succeed" (Doc. No. 264 at 3), the issue of whether Plaintiffs' Kentucky claims may proceed as a class or collective action is not determinative of Plaintiffs' cause. Regardless of whether they may be pursued collectively, Plaintiffs' individual claims under Kentucky law still exist, may still be adjudicated, and, if meritorious, may succeed. Thus, certification under Ky. R. Civ. P. 76.37 is not appropriate.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to certify a question of law to the Kentucky Supreme Court is **DENIED**. (Doc. No. 230.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2014.