UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PENNY DAVENPORT, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:12CV00007 AGF |
| CHARTER COMMUNICATIONS, LLC, | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

This conditionally certified collective action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., is before the Court on several related motions. Defendant Charter Communications, LLC ("Charter") moves to decertify the FLSA collective action (Doc. No. 302) and to stay discovery pending resolution of that motion (Doc. No. 307). Plaintiffs, in turn, move to stay briefing on Charter's decertification motion until after the close of all discovery or at least until 30 days after the close of expert discovery; alternatively, Plaintiffs request that Defendants' decertification motion be denied as premature. (Doc. No. 305.) Plaintiffs also move to compel certain outstanding discovery from Defendants, which they claim is necessary to resolve the decertification issue. (Doc. No. 308.) For the reasons set forth below, the Court will grant Plaintiffs' motions and will deny Charter's, but Charter's motion for decertification will be denied without prejudice.

## BACKGROUND

Penny Davenport and three other named Plaintiffs brought this action on their own behalf and on behalf of similarly situated call center employees who worked on an hourly basis at Charter. Plaintiffs claim that Charter violated the FLSA, 29 U.S.C. § 207, and the state wage and hours laws of Missouri, Kentucky, and Michigan, by failing to pay them for the time it took them to access computer applications when beginning to work and to close down computer applications at the end of work.

On March 27, 2014, the Court entered an order conditionally certifying Plaintiffs' FLSA collective action for the purpose of providing notice to putative plaintiffs and an opportunity to opt in. (Doc. No. 172.) Charter moved to reconsider this order, which the Court denied (Doc. No. 199), and the Court ultimately required that notice of the FLSA collective action be disseminated to the following class:

> All persons who, between September 25, 2009 and August 31, 2011 worked as a nonsupervisory hourly employee whose primary duty was to respond to incoming calls from a queue on Charter's toll-free lines, commonly referred to as "advisors," "representatives," or "agents," who were hired and had completed training before September 1, 2011, and who worked at Defendant Charter Communications, LLC's call centers located in Town and Country, Missouri; Walker, Michigan; Louisville, Kentucky; Greenville, South Carolina; Vancouver, Washington; Rochester, Minnesota; Fond du Lac, Wisconsin; and Worcester, Massachusetts, but excluding persons who were hired by Defendant but worked only as trainees.

(Docs. No. 203-1 & 204.) The opt-in period closed on September 22, 2014, and approximately 820 opt-in plaintiffs (the "Opt-in Plaintiffs") joined suit.

Earlier in the proceedings, Plaintiffs also moved to certify their state law overtime claims as class actions under Federal Rule of Civil Procedure 23(b)(3). On August 4,

2014, the Court denied Plaintiffs' Rule 23 motions with respect to the Michigan and Kentucky claims because the Court found that Plaintiffs' class claims were not cognizable under the applicable state statutes. (Doc. No. 218.)

On September 30, 2014, the Court also denied Plaintiffs' Rule 23 motion with respect to their Missouri claims. (Doc. No. 294.) The Court found that the individualized evidence put forth by Plaintiff Davenport, including evidence that Davenport responded to the pressures of Charter's punctuality and employee metric policies by working off the clock, did not satisfy the "demanding" Rule 23(b)(3) requirements that "questions of law or fact common to class members predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* at 19-27.

Charter now moves to decertify the FLSA collective action. (Doc. No. 302.) Charter filed its motion on November 13, 2014, before the close of discovery.[1] Charter seizes on the Court's denial of Rule 23(b)(3) certification of Plaintiffs' Missouri claims, arguing that this ruling conclusively demonstrates that Plaintiffs' FLSA collective action must likewise be decertified. Charter also moves to stay discovery pending resolution of its decertification motion. (Doc. No. 307.)

---

[1] Shortly before filing its decertification motion, Charter requested and obtained another extension of the discovery deadlines in this case, a 30-day extension of time to respond to Plaintiffs' document requests for certain computer records regarding the Opt-in Plaintiffs, including computer log in records, time clock records, and door swipe records. (Docs. No. 300 & 306.)

Plaintiffs, on the other hand, move to stay or deny without prejudice Charter's decertification motion until after the close of all discovery, or at least until 30 days after the close of expert discovery. (Doc. No. 305.) Plaintiffs argue that the Court cannot base the decertification decision on the same evidence as Plaintiffs' Rule 23 motions because in the span of time since the Rule 23 motions were filed, several hundred more Opt-in Plaintiffs have joined suit. Plaintiffs argue that once they obtain Charter's computer records and other discovery relating to these additional Opt-in Plaintiffs, they will be able to "fill the 'gaps' in evidence" the Court cited in its denial of Rule 23 certification of the Missouri claims, including by obtaining "evidence of wide-spread instruction to work on unpaid time and computerized evidence of unpaid work," rather than just "evidence of the consequences of Charter's employee metrics." (Doc. No. 312 at 2.)

Noting that Charter's decertification motion was filed less than two months after the close of the opt-in period, Plaintiffs argue that they are still in the process of identifying and collecting evidence from the new Opt-in Plaintiffs to demonstrate that they are similarly situated, as required to proceed collectively under the FLSA, 29 U.S.C. § 216(b). Plaintiffs also note that Charter has not responded to outstanding discovery requests seeking computer records and personnel files regarding the Opt-in Plaintiffs, and has in fact obtained an extension of time for such responses,[2] the analysis of which is necessary

---

[2] Plaintiffs assert that they did not object to Charter's request for an extension of time to serve its discovery responses because Charter, in turn, agreed that it would not object to Plaintiffs' request to extend the deadline for their expert report. On January 11, 2015, Plaintiffs moved for a three-month extension of the deadline for their expert report. (Doc. No. 320.)

for Plaintiffs' expert report regarding class-wide overtime violations. Instead Charter has limited its document production to personnel files and employee counseling notes for only the named Plaintiffs and the 13 Opt-in Plaintiffs who joined suit before conditional certification.

Plaintiffs argue that Charter has also refused to produce a corporate deponent under Federal Rule of Civil Procedure 30(b)(6), to answer questions regarding any call center other than the three call centers at issue in the Rule 23 motions ("Rule 23 call centers"), despite Charter's prior agreement to do so upon conditional certification of the FLSA collective action. *See, e.g.,* Doc. No. 305-4 at 2-3; Doc. No. 305-6 at 3-4; Doc. No. 305-16 & Doc. No. 305-17. And Plaintiffs assert that the 30(b)(6) deponents Charter did produce for the Rule 23 call centers stated that they were "unprepared" to answer several questions within the scope of Plaintiffs' 30(b)(6) notice.[3] *See, e.g.,* Doc. No. 308-1 at 6, 9,

---

[3] Plaintiffs assert that the Rule 30(b)(6) topics that remain unaddressed, even with respect to the three call centers for which Charter purported to produce a corporate deponent, are the following:

> Any internal investigations, surveys, studies, or audits by Charter concerning whether its call center employees have been properly compensated for all work performed.

> The existence and resolution of any claims of alleged wage and hour violations for failure to pay all time worked, failure to pay overtime, or failure to maintain accurate records against Charter within the last five years filed by call center employees with any federal or state administrative agencies or federal or state court by any individual, employee or entity.

> The existence and resolution of any informal or internal complaints alleging Charter's failure to pay all time worked, failure to pay overtime, or failure to maintain accurate records within the last five years.

12. When Plaintiffs complained to Charter about these non-responses, Charter produced a document entitled "Supplement to Deposition Testimony" purporting to be a supplement to Charter's 30(b)(6) depositions and explaining the corporate deponents' testimony. (Doc. No. 305-13.) However, the supplement was unverified and was not signed by the corporate representatives. *Id.* Plaintiffs argue that this supplement is insufficient to satisfy Charter's discovery obligations under Rule 30(b)(6), and that Plaintiffs need prepared 30(b)(6) deponents to testify regarding all of Charter's call centers in order to demonstrate that the Opt-in Plaintiffs are similarly situated with respect to Charter's overtime policies and practices.

Plaintiffs move to compel Charter to produce prepared 30(b)(6) deponents to testify in St. Louis regarding the five call centers for which no corporate deponent has been produced, and to answer questions regarding the Rule 23 call centers for which the prior 30(b)(6) deponents were unprepared to testify. (Doc. No. 308.) Plaintiffs also move to compel Charter to produce personnel files and counseling notes for each Opt-in Plaintiff. *Id.*

Charter responds that permitting or compelling discovery to proceed while the decertification motion is pending would be futile and unduly burdensome to Charter because Plaintiffs' own evidence offered in support of their Rule 23 motions demonstrates that their overtime claims cannot proceed on classwide proof. Charter does not dispute that it agreed to but has not produced a 30(b)(6) deponent to testify regarding five of its call

---

Doc. No. 308 at 12.

centers; that the 30(b)(6) deponents that did testify regarding the Rule 23 call centers stated they were not prepared to answer several questions; and that Charter has not produced the requested personnel files and counseling notes for any Opt-in Plaintiff other than the named Plaintiffs and the 13 pre-conditional certification Opt-in Plaintiffs. However, Charter argues that Plaintiffs' motion to compel this discovery should be resolved only after the motions to stay and decertify, and if the Court denies decertification, the parties should then "meet and confer" regarding this discovery. (Doc. No. 311 at 2.)

Alternatively, Charter argues that the motion to compel should be denied on the merits. Charter states that Plaintiffs do not demonstrate how their requests for personnel files and counseling notes for each Opt-in Plaintiff, in addition to the personnel files already produced, are relevant to Plaintiffs' claims.

Charter also argues that Plaintiffs' request to redepose a 30(b)(6) deponent regarding the Rule 23 call centers is improper because nearly two years have passed since the original depositions, and another deposition would not shed any new light on the pending decertification issue. Moreover, Charter argues that at least one of the 30(b)(6) topics about which its corporate deponents were unprepared to testify encompasses privileged information.

Finally, Charter maintains that it is still "not refusing to present a witness prepared to testify as to the remaining five call centers," but that "any such witness is now

unnecessary, given the record evidence adduced to date and the Court's Order denying Rule 23 certification."[4]  *Id.*

## **DISCUSSION**

The FLSA provides that an action to recover overtime pay may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  The statute provides a procedure for plaintiffs to join suit by filing a written consent to become a party, but the statute does not prescribe any standard or procedure for the court to determine whether these plaintiffs are similarly situated.  Nor has the Eighth Circuit Court of Appeals enunciated a standard under § 216(b) for determining whether Opt-in Plaintiffs are similarly situated.  However, district courts in this circuit have applied a two-step approach by which named plaintiffs first seek conditional certification to facilitate notice to the proposed class; then, later, typically after the close of the opt-in period and all discovery, the defendant may move to decertify the collective action if the record reveals that the Opt-in Plaintiffs are not similarly situated. *See, e.g.*, *Fry v. Accent Mktg. Serv., L.L.C.*, No. 4:13 CV59 CDP, 2013 WL 4093203, at *2 (E.D. Mo. Aug. 13, 2013); *Kennedy v. Boulevard Bank*, No. 4:12CV40 JCH, 2012 WL 3637766, at *2 (E.D. Mo. Aug. 22, 2012); *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005).

---

[4]  Charter requests that if the Court determines that additional evidence is necessary to examine Charter's decertification motion, the motion should be denied without prejudice so that Charter may refile it at a later time.  (Doc. No. 309 at 7 n.4.)

The initial motion for conditional certification is typically, and was here, filed before any significant discovery has taken place, and the plaintiffs' burden at this stage is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Davis*, 408 F. Supp. 2d at 815. At the second stage, however, courts apply a stricter standard, including making a "factual determination" as to whether the Opt-in Plaintiffs are similarly, but not necessarily identically, situated. *Beasly v. GC Services LP*, 270 F.R.D. 442, 444 (E.D. Mo. 2010). Therefore, motions to decertify are typically resolved after the close of discovery, giving courts the benefit of a fuller record. *Id.*

When a defendant files its decertification motion earlier, before the close of discovery, the court has discretion to stay or deny the motion without prejudice in order to allow discovery to proceed. *See Craig v. Rite Aid Corp.*, No. 4:08-CV-2317, 2012 WL 279647, at *5-6 (M.D. Pa. Jan. 31, 2012) (finding that the "wide-spread practice of considering decertification after discovery is entirely or largely complete" makes sense in light of the court's obligation to "evaluate the totality of the evidence and circumstances that may bear upon the suitability of a particular action to proceed collectively."); *Schaefer-Larose v. Eli Lilly and Co.*, No. 1:07–cv–1133–SEB–TAB, 2010 WL 3892464, at *2 (S.D. Ind. Sept. 29, 2010) ("[G]iven that discovery regarding matters pertaining to decertification is still ongoing, we conclude that a ruling on decertification of the collective action at this point would be premature."); *Bradford v. CVS Pharmacy, Inc.*, No. 1:12-CV-1159-TWT, 2013 WL 5587350, at *5 (N.D. Ga. Oct. 10, 2013) (denying

decertification motion because the defendant filed motion "prematurely" and holding that decertification should be decided "just before the end of discovery, or at its close" when the court has a "much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity.") (citations omitted).

As Charter correctly notes, however, this case involves the unusual situation in which, although discovery is not complete, the Court has already denied Rule 23 class certification of closely related state law wage and hour claims. Thus, the issue in this case is whether the Court's denial of class certification of Plaintiffs' Missouri claims under Rule 23(b)(3) effectively precludes Plaintiffs from proceeding collectively on their FLSA claim under 29 U.S.C. § 216(b) and renders additional discovery on the issue futile.

The Court finds that, while there may be some analytical overlap, the Court's ruling on Plaintiffs' Rule 23 motions does not moot the FLSA certification issue. The U.S. Supreme Court has explained, "Rule 23 actions are fundamentally different from collective actions under the FLSA[.]" *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013). One key difference is that putative plaintiffs must affirmatively *opt in* and provide written consent before becoming parties to a FLSA collective action, whereas class actions certified under Rule 23(b)(3) requires individuals to *opt out* of the suit or be bound by the judgment in the case. *Compare* 29 U.S.C. § 216(b) *with* Fed. R. Civ. P. 23(c)(3)(B). This presents serious due process considerations.

As such, to maintain class certification under Rule 23, plaintiffs must not only "affirmatively demonstrate" that the numerosity, commonality, typicality, and adequacy

elements of Rule 23(a) are met, but must also demonstrate that the proposed class satisfies at least one of the three sets of requirements identified in Rule 23(b), such as Rule 23(b)(3)'s predominance and superiority requirements. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (holding that the district court must engage in "rigorous analysis" to satisfy itself that the Rule 23 requirements are met).

But several courts to consider the issue have held that the "rigorous analysis" required by Rule 23 does not apply with the same force in the FLSA context. *See, e.g., Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-cv-04175-NKL, 2011 WL 3794021, at *8 (W.D. Mo. Aug. 25, 2011) (stating the "standards governing class claims under Rule 23 . . . do not apply to collective action claims under the FLSA"); *Lillehagen v. Alorica, Inc.*, No. SACV 13–0092–DOC (JPRx), 2014 WL 2009031, at *6 (C.D. Cal. May 15, 2014) ("Courts have mostly held that Section 216(b) collective actions are not subject to Rule 23 class certification requirements[.]") (citing cases); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009) (holding the district court improperly applied "more stringent" Rule 23-type analysis when it reasoned that the plaintiffs were not similarly situated because individualized questions predominated); *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009) ("The requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure" and requires only "some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the

claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA."); *Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 365 n.8 (D. Me. 2010) (noting that even at the second stage of 216(b) certification, "[t]he analysis . . . is still not a factor-by-factor calculus comparable to that required for certification of a Rule 23 class" and instead "courts take a holistic view" to determine whether employees are similarly situated) (citations omitted); *but see Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771-72 (7th Cir. 2013) (although noting the explicit differences between an FLSA collective action and Rule 23 class action, finding that "there isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards, though with some terminological differences.").

Instead, in order to proceed collectively under 29 U.S.C. § 216(b), Plaintiffs need only demonstrate, based on the totality of evidence, that they are similarly situated. *See White v. 14051 Manchester Inc.*, 301 F.R.D. 368, 372 (E.D. Mo. 2014) (discussing relevant factors to determine similarity, including "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant that appear to be individual to each plaintiff, and (3) fairness and procedural considerations," and finding the ultimate "question is simply whether the differences among the plaintiffs outweigh the similarities of the practices to which they were allegedly subjected"). Plaintiffs claim that they can make this showing with additional discovery. The Court will therefore grant Plaintiffs' motion to proceed with discovery before resolving Charter's decertification motion, and the Court will deny Charter's motion to stay discovery.

The Court will also grant Plaintiffs' motion to compel. Charter's only substantive objection to Plaintiffs' requests for production of counseling notes and personnel files for the Opt-in Plaintiffs is that the requests are overbroad. The Court finds this objection to be without merit. As an initial matter, Charter has already produced nearly identical documents with respect to the 13 pre-conditional certification Opt-in Plaintiffs. Moreover, Charter specifically identifies the counseling notes and personnel files in its supplemental Rule 26(a)(1) disclosures as documents that Charter itself may use in support of its defenses. (Docs. No. 319 & 319-1.) Therefore, Charter has already conceded the relevance of these documents.

Likewise, the Court overrules Charter's objection to producing prepared 30(b)(6) deponents to testify regarding all eight call centers. Although Charter claims that Plaintiffs' request to redepose a 30(b)(6) witness regarding the Rule 23 call centers comes too late, the emails and correspondence attached to Plaintiffs' motions demonstrate that any delay was due, at least in part, to Charter's own failure to respond to Plaintiffs' complaints regarding the discovery deficiencies. Charter has not disputed this fact. *See* Doc. No. 309 at 2 n.1. Charter also cannot dispute that Plaintiffs are entitled to take the depositions of prepared corporate representatives on the topics listed in Plaintiffs' 30(b)(6) notice with respect to all eight call centers.[5] And Plaintiffs may use these depositions, as

---

[5] Charter asserts for the first time in response to Plaintiffs' motion to compel that there may be issues of privilege regarding some topics in Plaintiffs' Rule 30(b)(6) notice. (Doc. No. 311 at 4-5.) However, Charter's 30(b)(6) deponents did not assert any privilege in response to Plaintiffs' questions during the depositions regarding the Rule 23 call centers; instead, they stated only that they were "not prepared" to answer these questions. *See,*

well as the written discovery discussed above, to respond to Charter's decertification motion.

After the additional discovery has been exchanged, Charter may wish to redraft or supplement its motion for decertification. Therefore, rather than merely staying the time for Plaintiffs' response brief, the Court will deny Charter's decertification motion without prejudice to refiling after the close of discovery, as Charter itself requested.

Finally, as the prior trial setting in this case was vacated, to be reset following issuance of the Court's ruling on class certification (Doc. No. 128), and in light of the prior and current requests for extensions of the deadlines set forth in the most recent case management order, the Court will request the parties to file a joint motion to amend the case management order, attaching a proposed amended case management order setting forth proposed deadlines for the remainder of these proceedings.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to stay briefing on Defendant's decertification motion, or alternatively to deny Defendant's decertification motion as premature is **GRANTED**. (Doc. No. 305.)

**IT IS FURTHER ORDERED** that Defendant's motion to decertify the conditionally certified FLSA class is **DENIED without prejudice**. (Doc. No. 302.) Defendant may refile this motion after the close of discovery.

---

*e.g.,* Doc. No. 308-1 at 6, 9, 12. If in future depositions, Charter believes certain testimony is privileged, Charter must assert an appropriate and timely objection.

**IT IS FURTHER ORDERED** that Defendant's motion to stay discovery is **DENIED**. (Doc. No. 307.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion to compel is **GRANTED**. (Doc. No. 308.) Defendant shall have until **February 13, 2015** to produce the following:

1) Prepared corporate representatives to testify in the St. Louis area on the topics listed in Plaintiffs' Amended Rule 30(b)(6) notice of deposition regarding each of the call centers at issue in this case, pursuant to Federal Rule of Civil Procedure 30(b)(6); and

2) Personnel files and counseling notes for each Opt-in Plaintiff, pursuant to Federal Rule of Civil Procedure 34(b)(2).

**IT IS FURTHER ORDERED** that on or before **January 23, 2015**, the parties shall file a joint motion to amend the case management order, attaching a proposed amended case management order setting forth proposed deadlines for the remainder of these proceedings.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to extend expert deadlines is **DENIED as moot**, without prejudice to including the requested extension in the joint motion to amend the case management order as discussed above. (Doc. No. 320.)

                                                                 _Audrey G. Fleissig_
                                                                 AUDREY G. FLEISSIG
                                                                 UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2015.