UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PENNY DAVENPORT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV0007 AGF |
| | ) | |
| CHARTER COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action for unpaid overtime wages is before the Court on Plaintiffs' combined motion (Doc. No. 326) to compel production of documents in pipe delimited text format or "Excel" format. Plaintiffs filed their first amended complaint as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., on August 7, 2012. Approximately 800 current and former employees of Defendant Charter Communications, LLC have now joined this action as opt-in Plaintiffs. For the reasons stated below, the Court will deny Plaintiffs' motion to compel.

## BACKGROUND

Four named Plaintiffs brought this action on their own behalf and on behalf of similarly situated call center employees who worked on an hourly basis at Charter. Plaintiffs claim that Charter violated the FLSA, 29 U.S.C. § 207, and various state wage and hours laws, by failing to pay them for the time it took them to access computer applications when beginning to work and to close down computer applications at the end of work.

On March 27, 2014, the Court conditionally certified Plaintiffs' collective FLSA action to provide notice to putative plaintiffs and give them the opportunity to opt-in. Prior to the Court's conditional certification, 13 Plaintiffs filed written consents to join the suit. By the time the opt-in period closed on September 22, 2014, approximately 800 Plaintiffs opted in and joined the FLSA collective action.

As part of their revised joint scheduling plan, the parties stipulated to a discovery plan, which provided, in pertinent part:

> The parties will preserve and disclose electronically-stored information ("ESI"), pursuant to the requirements Fed. R. Civ. P. 26. To the extent there is any discovery concerning ESI, the parties may disclose/produce ESI in hardcopy or static form (e.g. .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "Bates" stamping. Consistent with the Federal Rule of Civil Procedure 34(b)(iii), the parties presumptively need not produce the same ESI in more than one form; however, after the production of ESI in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated, e.g. where the original creation date of a document is at issue and disputed, or when a static image is not reasonably usable, e.g. when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file.

(Doc. No. 84 at 1-2.)

On October 6, 2014, Plaintiffs served their Third Request for Production of Documents, seeking, in relevant part, "[a]ll time clock records for all Plaintiffs during the Class Period." (Doc. No. 326-1 at 4.) On November 10, 2014, Plaintiffs' counsel asked Defendant's counsel to produce the requested documents in a "computer-readable" format. On December 10, 2014, Defendant produced two disks which contained time records of Plaintiffs in searchable PDF file format.

Defendant asserts, and Plaintiffs do not dispute, that Defendant produced similar time clock records for the original 13 opt-in Plaintiffs in searchable PDF format, and that Plaintiffs did not object to the format of production at that time. Plaintiffs now seek to compel Defendant to produce Plaintiffs' time records in a pipe delimited text format, "Excel" format, or other format that is computer-readable, sortable, exportable, and able to be manipulated. Plaintiffs argue that the current PDF format, though searchable, does not allow them to sort and group the time records, forcing them to manually re-enter clock-in and clock-out times for each individual Plaintiff in order to determine the amount of overtime for which each was allegedly not compensated. Plaintiffs further contend that the parties have previously stipulated that after receiving electronic discovery in static form, a party may, for "good cause," request the same data in a native format. Plaintiffs argue that this is such a situation and that the great time and difficulty which would be associated with manually sorting and re-entering all of the time records is sufficient good cause to warrant Plaintiffs' request here.

Defendant first responds by noting that Plaintiffs' request for production did not specify the format in which responsive documents should be produced, and that, therefore, Rule 34(b)(2)(E)(ii) permitted Defendant to produce searchable PDF files, as that format is the default output for such documents in Defendant's systems. Defendant emphasizes that it previously produced the same type of documents in this format, without any objection from Plaintiffs. Defendant further argues that searchable PDF is a reasonably usable format, and that as it has already produced the documents in that format, Rule 34(b)(2)(E)(iii) states that it need not produce them again in a different format. Finally,

Defendant notes that, because it does not ordinarily maintain the time clock records in Excel or pipe delimited text format in the regular course of business, preparing the files in Excel format would require 40 to 50 hours of manual data entry and cost approximately $1,500. Defendant requests that, should it be required to reproduce the time records in Excel format, Plaintiffs bear this cost.

## **DISCUSSION**

Federal Rule of Civil Procedure 37(a) allows a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "Unless otherwise stipulated or ordered by the court," when producing electronically stored information, "a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms," unless the request specifies a different form. Fed. R. Civ. P. 34(b)(2)(E).

Here, it is undisputed that Defendant has produced the requested information. The time records were produced in a searchable PDF format, which is the format in which Defendant previously produced these type of records without objection, and which Defendant contends is the default format for its systems. It is further undisputed that Plaintiffs' initial request did not specify a format for the time records. Indeed, it appears that over a month elapsed between the time Plaintiffs served their request for production and the time they first stated their preference for a "computer readable format."

Lacking a specific request to the contrary, courts regularly find searchable PDF documents to constitute a reasonably usable form. *See Lutzeier v. Citigroup, Inc.*, No. 4:14–cv–00183–RLW, 2015 WL 430196, at *8 (E.D. Mo. Feb. 2, 2015) (holding that a

defendant's production complied with Rule 34 because the PDF files were searchable); *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 248 F.R.D. 556, 559 (N.D. Ill. 2008) (finding a PDF document to be in a reasonably usable form under Rule 34, when the request for production did not specify).

Plaintiffs contend that the discovery plan stipulated to by the parties in this action specifically contemplated situations such as this one, and allows for a party to request data be produced again in its native format. However, after reviewing the relevant portion of the discovery plan, the Court finds it inapplicable to this case. The joint proposed scheduling plan allows for a party to request the disclosure, in native format, of information already produced, "where good cause has been demonstrated." (Doc. No. 84 at 2.) The plan then lists several examples of good cause, including cases in which the creation date of a document is disputed, or when a static image is not usable because the PDF image is "unable to capture/display all column/information contained in a spreadsheet such as an Excel file." *Id.*

These examples are of situations in which certain data or metadata is not adequately captured by a PDF file, a circumstance absent in this case. Plaintiffs are not disputing the veracity of the time records, nor do they allege that there is information truncated or lost in a PDF that would be available in an Excel format. Rather, Plaintiffs want to be able to sort and categorize the data Defendant provided with greater ease than they are able to currently. Such difficulties would have been a good reason for Plaintiffs to specify a particular format in their request for production, but are not sufficient "good cause" to force Defendant to reformat and produce data which it has already provided. *See AKH*

5

*Co., v. Universal Underwriters Ins. Co.*, 300 F.R.D. 684, 689-90 (D. Kan. 2014) (denying a motion to compel where the documents had already been produced in PDF form, the plaintiff's only complaints were that the files were difficult to search and organize, and producing the documents again would be costly); *Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, Cause No. 1:12–CV–116, 2013 WL 5308108, at *1 (N.D. Ind. Sept. 20, 2013) (denying a motion to compel a party to resubmit documents in Excel format which had already been produced in searchable PDF format, as the PDF was already reasonably usable). This is particularly true where, as here, Plaintiffs previously accepted the very same type of records from Defendant in searchable PDF format without objection. Should Plaintiffs wish to obtain the data in a computer readable format, they must reimburse Defendant for its reasonable costs.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to compel is **DENIED.** (Doc. No. 329.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2015.