UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PENNY DAVENPORT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-00007-AGF |
| | ) | |
| CHARTER COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This conditionally certified collective action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., is before the Court on the motion (Doc. No. 400) of Defendant Charter Communications, LLC ("Charter") for sanctions against 10 opt-in Plaintiffs who failed to appear for their depositions. For the reasons set forth below, the Court will grant Charter's motion in part.

On November 16, 2015, following a discovery dispute between the parties regarding the number of depositions permissible in this case, the Court amended the Case Management Order to allow each side to take the depositions of up to 32 opt-in Plaintiffs of its choice, taking into account the seven opt-in Plaintiffs that had already been deposed by that time. The Court also ordered the parties to confer and attempt to reach agreement with respect to a schedule for disclosure of trial witnesses and a schedule for making such witnesses available to the other side for deposition.

Pursuant to the amended Case Management Order, Charter selected 25 opt-in Plaintiffs to be deposed, and the parties met and conferred to determine the availability of each witness. The parties also agreed to depose designated trial witnesses on the same schedule.

Nine of the 25 opt-in Plaintiffs that Charter chose to depose failed to appear for their depositions. With respect to five of these deponents, Plaintiffs notified Charter in advance of the noticed deposition dates that the deponents were not expected to appear. The remaining four deponents agreed to appear but then failed to do so, with little or no notice to Charter.[1]

The parties conferred regarding rescheduling these depositions, but Plaintiffs' counsel ultimately emailed Charter's counsel that: "[a]fter repeated attempts, we are unable to produce the plaintiffs you name for depositions. We will be glad to withdraw them from the case." (Doc. No. 401-7 at 1.)

In addition to these nine opt-in Plaintiffs selected by Charter for deposition, one of Plaintiff's designated trial witnesses, opt-in Plaintiff Kimberly Torgersen, refused to appear for her deposition. Plaintiffs thereafter represented that Torgersen would be removed from their list of designated trial witnesses, and Charter did not attempt to reschedule Torgersen's deposition.

Charter moves for the following sanctions against the 10 opt-in Plaintiffs who failed to appear for their depositions: (1) dismiss these Plaintiffs' claims with prejudice; (2) strike the declarations of the four such Plaintiffs who executed declarations in support of Plaintiffs' claims; (3) issue an adverse jury instruction that these four Plaintiffs would have testified

---

[1] With respect to one of the four, Charter did not receive notice until the day before the deposition that the deponent would not appear. The remaining three provided no notice.

inconsistently with their declarations; and (4) award Charter $20,638.33 in attorneys' fees, costs, and expenses that Charter states it incurred in collecting documents Plaintiffs requested for the non-appearing opt-in Plaintiffs, in preparing for the depositions for the four opt-in Plaintiffs who provided no notice of non-appearance, and in preparing for or recording the non-appearance of the remaining deponents.

Plaintiffs agree to the first two sanctions (dismissal with prejudice and striking of declarations) and argue that that these two sanctions are sufficient under all applicable standards for discovery violations. Plaintiffs argue that neither an adverse inference instruction nor an award of attorneys' fees, expenses, and costs would be appropriate here.

With respect to the adverse inference instruction, Plaintiffs argue that federal courts should not permit such an instruction where it would operate against a co-party's interest, as Plaintiffs assert it would do here against the nearly 800 opt-in Plaintiffs who did not refuse to participate in discovery. In any event, Plaintiffs argue that Charter has failed to demonstrate that an adverse inference instruction is warranted under the rules for such discovery sanctions as interpreted by the Eighth Circuit, which require findings of bad faith and prejudice.

With respect to the award of fees and costs, Plaintiffs argue that the Court should not penalize Plaintiffs' counsel because Plaintiffs' counsel informed Charter as soon as Plaintiffs' counsel learned that the opt-in Plaintiffs would not appear and because Plaintiffs' counsel was not responsible for the non-appearance. Plaintiffs' counsel argues that, at most, Charter may have an argument for the imposition of fees and costs against the non-appearing opt-in Plaintiffs individually but that such an award would be inequitable here.

3

In reply, Charter argues that it only seeks an adverse inference instruction against the four opt-in Plaintiffs who executed declarations and then failed to appear for their depositions, not against the entire Plaintiff class. Charter also argues that an adverse inference instruction is warranted because the opt-in Plaintiffs likely refused to appear because they knew that the content of their testimony would contradict their sworn declarations. In support of this argument, Charter argues that other opt-in Plaintiffs who submitted nearly identical declarations made conflicting statements in their depositions or explicitly admitted that their declarations were incorrect. Charter argues that this fact supports an inference that the four opt-in Plaintiffs who refused to appear for their depositions would have likewise testified inconsistently with their declarations.

With respect to its request for fees and costs, Charter states that its request for sanctions is directed to the opt-in Plaintiffs at issue, not to Plaintiffs' counsel, whom Charter concedes is not at fault for the non-appearances. Charter asserts that the Court should, at the least, award fees and costs with respect to the four opt-in Plaintiffs who agreed to appear and then failed to do so with little or no notice.

## **DISCUSSION**

Federal Rule of Civil Procedure 37(d)(1) authorizes the Court to order sanctions if a party fails, after being served with proper notice, to appear for his or her deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Permissible sanctions include, among other things, "directing that . . . designated facts be taken as established for purposes of the action, as the prevailing party claims"; "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; "striking pleadings in whole

4

or in part"; or "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3), 37(b)(2)(A). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Pursuant to the agreement of the parties, the Court will dismiss with prejudice the claims of the 10 opt-in Plaintiffs who failed to appear for their depositions, and the Court will strike the declarations of the four such opt-in Plaintiffs who submitted declarations in support of Plaintiffs' claims. The Court will also permit Charter, if it desires, to depose nine additional opt-in Plaintiffs of its choosing. The Court finds that these sanctions are sufficient, and that imposition of the additional sanctions requested by Charter would be unjust.

With respect to the adverse inference instruction, the Court finds that Charter has not demonstrated that such an instruction is warranted here. As an initial matter, Charter has not offered, and the Court has not found, authority for granting an adverse inference instruction against a dismissed party. The Court agrees with Plaintiffs that, in light of the dismissal of the non-appearing opt-in Plaintiffs' claims, any such adverse inference instruction would essentially operate solely against the remaining opt-in Plaintiffs, which would be improper.

But even if an adverse inference instruction could issue against a dismissed party, the Court would not issue one here. The Eighth Circuit has advised that "a district court is required to make two findings before an adverse inference instruction is warranted: (1) there

5

must be a finding of intentional destruction indicating a desire to suppress the truth, and (2) there must be a finding of prejudice to the opposing party." *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460 (8th Cir. 2013) (citation omitted). *Hallmark Cards* involved the alleged spoliation of evidence, but Charter does not dispute that this standard applies to the likely less serious discovery violation of failing to attend a deposition.

Although the opt-in Plaintiffs' failure to appear has prejudiced Charter, Charter has not demonstrated that the failure to appear was due to a desire to suppress the truth. The Court is not persuaded by Charter's speculative assertion that because other opt-in Plaintiffs gave deposition testimony that was inconsistent with their declarations, the opt-in Plaintiffs at issue failed to appear for their depositions intentionally to avoid doing the same. It is at least as likely that these Plaintiffs simply found the burden of complying with discovery not worth the amount they stood to gain in this FLSA case.

As to Charter's request for attorneys' fees, expenses, and costs to be taxed against the individual opt-in Plaintiffs who failed to appear, although the Court does not condone these Plaintiffs' behavior, the Court finds that such an award would be unjust, particularly on top of the already harsh sanction of dismissal with prejudice. *See Cooper v. E. Coast Assemblers, Inc.*, No. 12-80995-CIV, 2014 WL 7717565, at *3 (S.D. Fla. Oct. 20, 2014) (finding the sanction of dismissal without prejudice sufficient to address opt-in plaintiffs' failure to respond to discovery, and holding that imposing attorneys' fees against such opt-in plaintiffs would be unjust), *report and recommendation adopted,* No. 12-80995-CIV, 2015 WL 390501 (S.D. Fla. Jan. 28, 2015); *Luiken v. Domino's Pizza LLC*, No. CIV. 09-516(DWF/AJB), 2009 WL 4723296, at *6 (D. Minn. Dec. 2, 2009) ("[T]his Court concludes

that ordering Mr. Dougherty, who was a Domino's Pizza delivery person, to pay reasonable expenses [for failing to appear at a noticed deposition] would be a disproportionately severe sanction.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for sanctions is **GRANTED in part** and **DENIED in part**, as set forth above. (Doc. No. 400.)

**IT IS FURTHER ORDERED** that the claims of opt-in Plaintiffs June Dortch, Ryan McDermott, Adena Martin, Nicholas Stafford, Takella Durham, Chardae Jackson, Kachelle Jones, Ginger Wallace, David DeBaggis, and Kimberly Torgersen are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the declarations of Kimberly Torgersen, Ginger Wallace, Chardae Jackson, and David DeBaggis are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Defendant may depose an additional nine opt-in Plaintiffs of its choice. Pursuant to the amended Case Management Order, each such deposition shall not exceed three and a half hours.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2016.